**William A. FEARS**

v.

**Ray LUEDKE.**

**No. 90–CV–0124.**

United States District Court,
E.D. Texas,
Beaumont Division.

April 12, 1990.

Glen W. Morgan, Reaud, Morgan & Quinn, Beaumont, Tex., for plaintiff.

David E. Bernsen, Benckenstein, Norvell, Bernsen & Nathan, Beaumont, Tex., for defendant.

### MEMORANDUM AND ORDER

COBB, District Judge.

Came on to be considered plaintiff's motion to remand, and the court having reviewed the motion, defendant's response to plaintiff's motion to remand, and plaintiff's brief in response to defendant's response, *grants* the plaintiff's motion to remand.

This case was removed from the 172nd District Court, Jefferson County, Texas. The plaintiff had originally filed suit there, alleging under various causes of action that the defendants improperly handled the plaintiff's workers' compensation claim. The defendants removed, claiming that the workers' compensation plan was part of an over-all employee health and benefits program, subject to pre-emption under the Employee Retirement Income Security Act (ERISA). 29 U.S.C. § 1132(e)(1).

The only issue currently before this court is whether the defendants' workers' compensation plan is a separately administered plan, established solely to comply with applicable state law. If it is such a plan, it is exempted from ERISA pre-emp-

tion under 29 U.S.C. § 1003(b)(3), and removal was improper. If it is not such a plan, ERISA pre-emption applies, and removal was proper.

 Judge Brown of this District, faced with a similar question, outlined a three-part test to determine whether a plan is exempted from pre-emption. *Gibbs v. Service Lloyds Ins. Co.*, 711 F.Supp. 874 (E.D. Tex.1989). This court now adopts that test.

The first element is whether the workers' compensation insurance is provided through a different carrier than all other insurance provided under the health and benefit plan. *Id.* at 879. The defendants concede that the workers' compensation insurance is provided by a separate insurance carrier. *Defendants' Response to Plaintiff's Motion to Remand,* p. 5.

The second element is whether the workers' compensation insurance carrier exercises sole authority to manage premium income and funds and to review and approve or deny workers' compensation claims. *Gibbs,* at 879. The defendants argue the carrier does not have sole authority to review, based on the collective bargaining agreement between the plaintiff's employer, North Star Steel Texas, Inc., and the plaintiff's union, United Steelworkers of America; *Defendant's Response,* p. 6. The provision to which the defendants refer deals exclusively with investigation of accidents and injuries occurring at the workplace. *Defendant's Response,* Ex. A, pp. 66–68. Authority over such investigations is vested with the Safety and Health Committee, a joint union-management investigating committee. This clearly does not apply to review of workers' compensation claims, which remains solely with the carrier.

The third element is whether the employer acts as a mere conduit for the transmittal of premiums between employees and the insurance carrier. *Gibbs,* at 879. The employer did not participate in the administration of the workers' compensation plan. This employer was a mere conduit.

 Finally, the defendant mischaracterizes Judge Brown's description of "compli-

ance with applicable state law." Once an employer chooses to set up a workers' compensation plan in Texas, that employer must then comply with the law applicable to that plan.

The workers' compensation plan in the instant case is a separately administered plan, and therefore exempt from ERISA preemption under 29 U.S.C. § 1003(b)(3). The motion to remand is GRANTED.